**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELO ARIAS AYALA (A No. 094-761-398),<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>JOHNSON, et al.,<br><br>　　　　　　　Respondents. | Case No. 1:26-cv-02710-JLT-FJS<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION TO APPOINT COUNSEL; DENYING MOTION FOR EXPEDITED CONSIDERATION OF PETITION AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 2, 3) |

Marcelo Arias Ayala is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 7.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.　　FACTUAL & PROCEDURAL BACKGROUND

Petitioner immigrated to the United States from El Salvador in about 2001.[1] (Doc. 1 at 2.)

---

[1] Though Petitioner fails to specify his country of origin, (*see* Docs. 1, 3, 4), when inputting his A-Number into EOIR's website with "El Salvador" as the country of origin, the automated case information populates information for Marcelo Arias Ayala. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 4, 2026). Similarly, when inputting his A-number into U.S ICE's Detainee Locator with "El Salvador" as the country of origin, the search result populates information for Marcelo Arias Ayala indicating he is currently detained at California City Detention Center, which corresponds with information in the habeas petition. (*See* Doc. 1 at 2); U.S. ICE,

The record suggests that Petitioner was encountered by immigration officials at the time of entry and released into the interior of the country on Temporary Protected Status. (*Id.*) Specifically, Petitioner indicates that "[f]rom approximately 2001 to 2008, he was granted [] (TPS), allowing him to live and work legally." (*Id.*) In January 2026, Petitioner was detained by Immigration and Customs Enforcement in Maryland. (Doc. 1 at 2.) Petitioner was subsequently placed in removal proceedings but is not currently subject to a final order of removal.[2] Petitioner claims that he "has never committed a crime," (Doc. 1 at 2), nor is there any indication in the record that Petitioner now poses a flight risk or danger to the community. (*See* Docs. 1, 3, 4, 8.) Respondents offer no argument or evidence to the contrary. (*See* Doc. 8.) Petitioner is detained at California City Detention Center, in California. (Doc. 1 at 2.)

On April 10, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On May 2, 2026, Respondents filed a response to the habeas petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 8.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.      DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing

---

Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited May 4, 2026). Accordingly, the Court concludes that Petitioner's country of origin is El Salvador.

[2] The EOIR's website indicates that Petitioner's immigration docket was opened January 27, 2026, and that his case is still pending with an upcoming hearing scheduled for May 8, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 4, 2026).

before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 2–3.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 8.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Regarding Petitioner's motion for appointment of counsel, (Doc. 2), the Court **DENIES** this request. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court finds that Petitioner's detention was unlawful and orders his immediate release, the interests of justice do not require appointment of counsel. Additionally, the Court **DENIES** Petitioner's motion to expedite consideration of his habeas petition (Doc. 3) as **MOOT**.

**IV.    CONCLUSION AND ORDER**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    The motion for appointment of counsel (Doc. 2) is **DENIED**.

3.    The motion to expedite consideration of the habeas petition (Doc. 3) is **DENIED**

as **MOOT**.

2.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

4.    The Clerk of Court is directed to serve California City Detention Center in California City, California with a copy of this Order.

5.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.